IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **JOSEPH ROBERT ELLIS, JR.,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 4:22-cv-0115-P |
| § | |
| **BOBBY LUMPKIN, DIRECTOR,** § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

Came on for consideration the petition of Joseph Robert Ellis, Jr., for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, finds that the petition should be **DENIED**.

### I.   BACKGROUND

Respondent has custody of Petitioner pursuant to a judgment in Cause No. CR15034 in the 266th District Court of Erath County, Texas, imposing a sentence of 99 years' imprisonment for possession of methamphetamine in the amount of one gram or more but less than four grams; the sentence was enhanced because Petitioner was a habitual offender based on his two prior felony DWI convictions. ECF No. 9-1 at 51–53. Petitioner appealed and the judgment was affirmed. *Ellis v. State*, No. 11-19-00062-CR, 2021 WL 389283 (Tex. App.—Eastland Feb. 4, 2021, no pet.). He did not file a petition for discretionary review. ECF No. 7, Ex. A.

Petitioner filed a state application for writ of habeas corpus, which was denied without written order. ECF No. 9-24. He timely filed his federal application for writ of habeas corpus.

Petitioner asserts ten grounds, seven of which allege that he received ineffective assistance of counsel. He maintains that trial counsel was ineffective in failing to: suppress evidence of an illegal traffic stop (ground one), investigate Petitioner's mental illness via an expert (ground two), introduce exculpatory and mitigating evidence (ground three), seek a jury instruction under Tex. Code Crim. P. 38.23 (ground six), and conduct investigation and introduce mitigating evidence at punishment (ground seven). He also alleges that trial counsel's errors cumulatively were harmful (ground eight). He alleges that appellate counsel was ineffective for failing to raise meritorious and non-frivolous issues on appeal (ground ten). He alleges that the State withheld *Brady* material (ground four) and used false and perjured testimony at trial (ground five). Finally, he alleges that he is actually innocent (ground nine). ECF No. 1 at 6–9.[1]

## II.  APPLICABLE LEGAL STANDARDS

### A.  Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

---

[1] The reference is to "Page __ of __" reflected at the top right portion of the document and assigned by the Court's electronic filing system.

>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may imply fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where, as here, the state court adjudicated the ineffective assistance claims on the merits, this Court must review Petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**III.   ANALYSIS**

Petitioner raised his ineffective assistance of counsel claims in his state habeas application. ECF No. 9-26 at 14–32. The State filed a response, *id.* at 148–53, including an affidavit of Petitioner's counsel refuting the allegations made here. *Id.* at 158–59. The trial court recommended that the state application be denied. *Id.* at 165. The Court of Criminal Appeals denied relief without written order. ECF No. 9-24. Its action constituted an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Torres*, 943 S.W.2d at 472. The factual determinations underlying the denial are entitled to a presumption of correctness that is especially strong here, where the trial judge and state habeas judge are the same. *Clark v. Johnson*, 202 F.3d 760, 764, 766 (5th Cir. 2000); ECF No. 9-26 at 1. The presumption must be overcome by a presentation of clear and convincing evidence. *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001). However, Petitioner offers only conclusory allegations,[2] which are wholly insufficient to raise a constitutional issue. *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). In any event, the Court has considered the ineffective assistance of counsel claims and cannot find any merit in any of them. Respondent has adequately addressed the alleged failures and the Court need not repeat the discussion. *See* ECF No. 7 at 12–18.

In his third ground, Petitioner alleges that the State withheld *Brady* material, to wit, the video from the arresting officer's patrol car. ECF No. 1 at 7. In his fifth ground, he alleges that the State used false and perjured testimony at trial. *Id.* at 8. Respondent answers that these grounds

---

[2]Petitioner appears to recognize that this is the case, arguing that he was not afforded an evidentiary hearing on his state application to develop the facts supporting his claims. ECF No. 10 at 6. Of course, he had an opportunity to present whatever evidence he had to support his application when he filed it. The state trial court necessarily found Petitioner's counsel to be credible in determining that the application was without merit.

are procedurally barred. ECF No. 7 at 18–20. Petitioner did not raise these grounds on appeal. *See Ellis*, 2021 WL 389283. He did raise them in his state habeas application, ECF No. 9-26 at 20–22, but the State objected that the claims were not properly preserved. *Id.* at 150 (citing *Ex parte Graves*, 70 S.W.3d 103 (Tex. Crim. App. 2002); *Ex parte Townsend*, 137 S.W.3d 79 (Tex. Crim. App. 2004); *Ex parte Richardson*, 201 S.W.3d 712 (Tex. Crim. App. 2006)). The Court of Criminal Appeals has held that it will not consider in a habeas proceeding any record-based claims that were not raised on direct appeal. *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1998) (op. on reh'g). The Fifth Circuit has recognized that Texas's procedural rule barring consideration of record-based claims not raised on direct appeal is an adequate state ground for barring federal habeas review. *Dorsey v. Quarterman*, 494 F.3d 527, 532 (5th Cir. 2007). Where, as here, the Court of Criminal Appeals is silent on its reasoning for denying habeas relief, this Court may assume that the claims were denied because they were not cognizable. *Eldrige v. Dir. TDCJ-CID*, No. 7:18-cv-0163-O-BP, 2019 WL 5580130, at *4 (N.D. Tex. Sept. 30, 2019) (citing *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004)), *report and recommendation adopted sub nom.*, *Eldrige v. Davis*, No. 7:18-CV-163-O-BP, 2019 WL 5579128 (N.D. Tex. Oct. 29, 2019). To overcome the procedural bar, Petitioner must show cause and prejudice, which he has not done.[3]

In any event, Petitioner has not shown that either of these grounds has merit. Petitioner's counsel stated under oath that he was provided the entire contents of the District Attorney's file, including the dash cam video, and that the officer had probable cause to stop Petitioner. ECF No. 9-26 at 158. Petitioner argues both that (1) the video was withheld, ECF No. 9-26 at 20, and (2) his counsel had watched the video and told Petitioner prior to trial that "your blinker was on, and the stop was illegal." ECF 10 at 7. The state habeas court necessarily believed the testimony of

---

[3]Ineffective assistance of counsel might have been cause, but, for the reasons previously discussed, Petitioner did not receive ineffective assistance.

Petitioner's counsel that he had been provided the video.

To prevail on his fifth ground, Petitioner must show that the testimony in question was actually false, that the prosecutor was aware of the falsity, and that the testimony was material. *Faulder v. Johnson*, 81 F.3d 515, 519 (5th Cir. 1996). He has not made any of these showings.[4]

Finally, Petitioner alleges that he is actually innocent. But a claim of actual innocence does not state a basis for habeas relief without an independent constitutional violation. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Boyd v. Puckett*, 905 F.2d 895, 896–97 (5th Cir. 1990). Petitioner has not established such a constitutional violation. More importantly, he has not shown that he is actually innocent. *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (actual innocence means factual innocence and not mere legal insufficiency). To establish actual innocence, Petitioner must show that in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). This is not that "extremely rare" case. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## IV.   CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in Petitioner's motion under § 2254.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **7th day** of **September 2022**.

*/s/ Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes, for example, that there is no evidence to establish the time that the dash cam video was running. Moreover, even if the video shows Petitioner using his blinker on one occasion, the officer testified that Petitioner made at least two turns without using his blinker. ECF No. 9-26 at 138. There is no evidence to show what the prosecutor knew with regard to the dash cam video and the officer's testimony.

7